FILED
SUPERIOR COURT
OF GUAM

2023 AUG 14 AM 11: 52

CLERK OF COURT

BY: _____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>**CHRISTOPHER ROSARIO TEDTAOTAO,**<br>DOB: 08/15/1976<br><br>Defendant. | Criminal Case No. **CF0090-23**<br>GPD Report No: 23-03496 / 22-26873 / 21-28890<br><br>**DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR MISJOINDER OF OFFENSES** |

## INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on June 5, 2023 for a hearing on Christopher Rosario Tedtaotao's ("Defendant's") Motion to Dismiss the Indictment for Misjoinder of Offenses ("Motion"). Assistant Attorney General Grant Olan represents The People of Guam ("the People"), and Curtis C. Van de veld represents Defendant. Having duly considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order and **DENIES** the Defendant's Motion. However, the Court will sever the charges so that they may be adjudicated each subsequent to the other.

## BACKGROUND

On February 14, 2023, Defendant was indicted on three charges: Theft of Property (As a 3rd Degree Felony), Criminal Trespass (As a Misdemeanor), and Theft (As a Petty Misdemeanor). *See* Indictment (Feb. 14, 2023).

Defendant allegedly committed the first charged offense of Theft of Property (As a 3rd Degree Felony) on or about November 17, 2021 to November 20, 2021 by unlawful taking of movable property belonging to Ruth Sakuma, valued at less than $1500.00 and greater than $500.00 in violation of 9 GCA §§43.30(a), 43.20(b), and 43.15, as amended. *Id.*

Defendant allegedly committed the second charged offense of Criminal Trespass (As a Misdemeanor) on or about February 5, 2023, by knowingly entering or surreptitiously remaining in the habitable property of Gladly Sifer without privilege or license to do so in violation of 9 GCA §37.30(a), as amended. *Id.* at 2.

Defendant allegedly committed the third charged offense of Theft (As a Petty Misdemeanor) by unlawfully taking, obtaining, or exercising unlawful control over the movable property of Judith Arizala (a BLU cellphone) with intent to deprive Judith Arizala, in violation of 9 GCA §§ 43.30(a), 43.20(d), and 43.15, as amended. *Id.* 2.

On March 3, 2023, Defendant filed a Motion to Dismiss the Indictment for Misjoinder of Offenses. Defendant argued that the charges in this case should be brought separately because to try them together would potentially violate Guam Rules of Evidence (GRE) 404, and further that 8 GCA § 55.35 distinguishes the charged offenses in this matter.

## DISCUSSION

"Two (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA § 55.35(a).

This provision of Guam law was originally sourced from Rule 8 of the Federal Rules of Criminal Procedure. Thus, we may resort to federal authority interpreting the rule for guidance in its application to this case.

Rule 8(a) describes three situations where joinder is proper and at least one of the rule's conditions must be satisfied. See *U.S. v. Jawara*, 474 F.3d 565,573-4 (9th Cir. 2007)(citations omitted). The propriety of joining offenses in the indictment is determined solely by the allegations in the indictment. *Id.* In *Jawara*, the defendant was indicted on a document fraud charge and a marriage fraud conspiracy charge. *Id.* at 570. The superseding indictment alleged that defendant made false statements to questions regarding his nationality and birthplace on an Immigration and Naturalization Service form. *Id.* The superseding indictment also alleged that defendant engaged in overt acts in furtherance of the marriage fraud conspiracy which included: (1) facilitating a meeting between a cooperating witness, an alien, and a female U.S. citizen to get them to marry each other in order to evade the immigration laws of the United States; and (2) meeting with and soliciting a cooperating witness to procure a United States citizen who would agree to marry defendant in order to evade the immigration laws of the United States. *Id.* at 570-1.

Prior to trial, defendant moved to sever the two counts, asserting misjoinder under Federal Rule of Criminal Procedure 8(a) and prejudicial joinder under Federal Rule of Criminal Procedure 14. *Id.* The district court denied the motion. *Id.* The Ninth Circuit Court of Appeals agreed that the two charges were neither part of a common scheme or plan, *id.* at 575, nor were they of the same or similar character. *Id.* at 579.

Whether the offenses are part of a common scheme or plan, the question asked is whether "[c]ommission of one of the offenses [ ]either depended upon [ ]or necessarily led to the commission of the other; proof of the one act [ ]either constituted [ ]or depended upon proof of the other." *Id.* at 570 (emphasis in original)(citations omitted). The court found that there was no direct connection between the acts other than defendant's participation in both events. *Id.* at 575. It reasoned that "the false statements were not made to bolster or help conceal the marriage fraud conspiracy, nor can it be said that the marriage fraud conspiracy flowed from the document fraud crime." *Id.* Furthermore, "[a]lthough a close temporal relationship is not, in and of itself, a sufficient condition for joinder, we consider it significant in this case that the alleged acts underlying the two offenses had no temporal connection and were separated by several years." *Id.* (citation omitted). Thus, the court concluded that whatever connection exists there, that it was entirely too speculative to justify joinder on the basis of a common scheme or plan. *Id.* The court found that when the issue is whether the "offenses charged are of the same or similar character" a much more complex inquiry may be required. *Id.* It noted that when all that can be said of two separate offenses is that they are of the same or similar character "the customary justifications for joinder (efficiency and economy) largely disappear.... [at] the same time, the risk to the defendant in such circumstances is considerable." *Id.* (quotations in original)(citations omitted). The court conducted a comparison between the approaches to the issue by two other circuits; one which adopted a literal or categorical approach that paid exclusive attention to the likeness of class or category of the offenses and the other which utilized a broader, more holistic approach that looks to a variety of factors, including temporal proximity and potential for evidentiary overlap." *Id.* at 576 (citations omitted).

In its critique of the former approach, the court observed that instructing district courts to merely eyeball the indictment for offenses of a "like class" and encourage vigilant scrutiny in the Rule 14 [severance] context, offered little guidance in close cases. *Id.* at 577. And that depending on the level of abstraction (e.g., offenses involving dishonesty, offenses involving an intent to defraud), offenses of a "like class" might encompass a host of otherwise unrelated offenses, making an "uncomplicated" similar character inquiry tantamount to no meaningful inquiry. *Id.* at 577-8. Rather, the court found: it appropriate to consider factors such as the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims in assessing whether an indictment meets the "same or similar character" prong of Rule 8(a). The weight given to a particular factor will depend on the specific context of the case and the allegations in the indictment. But the bottom line is that the similar character of the joined offenses should be ascertainable—either readily apparent or reasonably inferred—from the face of the indictment. Courts should not have to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity. Thus, where the government seeks joinder of counts on the basis of "same or similar character," it crafts a barebones indictment at its own risk. *Id.* at 578. Applying these factors, the court concluded that the only similarity discernible from the indictment is that both counts involve immigration and that such a "vague thematic connection" cannot, in and of itself, justify joinder. *Id.* at 579 (citation omitted).

In this case, the People have argued that joinder is proper because the charges against the defendant constituted parts of a "common scheme or plan" and/or that they were the "same or similar character." The Court disagrees.

**1. The alleged crimes did not constitute part of a "common scheme or plan."**

The indictment against the defendant charges crimes which occurred on or about different months, on or about different dates, and on or about different years. The charges alleged three different victims that apparently had nothing in common with each other. None of the alleged offenses depended upon or necessarily led to the commission of the other; nor does proof of the one act constitute or depend upon proof of the other. These were three disparate unrelated occasions of criminal conduct whose only commonality is that the same defendant is accused of committing the offenses.

Therefore, the charges do not constitute parts of a common scheme or plan.

**2. The crimes were not of the "same or similar character."**

On the issue of whether the offenses charged are of the same or similar character, the elements of the theft charges are different from the elements required to be proved for criminal trespass. The two theft charges, one a third degree felony by virtue of the amount involved, while the other is a petty misdemeanor for which the reason is not clear in the indictment, may or may not have the same elements. However, because each of the offenses took place on different years and several months apart from each other, that they took place at different physical locations throughout Guam, that there is little likelihood that evidence of any of the offenses alleged would overlap with the others, that there does not appear to be a particular way or method of doing the crimes which was characteristic of the defendant, and that two of the victims were apparently strangers to the defendant while a third allegedly knew the defendant – this Court can only conclude that the offenses were not of the same or similar character and were improperly joined pursuant to 8 GCA §55.35(a).

**3. The appropriate remedy for misjoinder is severance of the charges.**

The Court further finds that dismissal of the indictment is not warranted. Guam law provides that "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires." *See* 8 GCA §65.35.

Because none of the requirements of proper joinder of the charges in the indictment are present the Court hereby orders the severance of each charge and accordingly the adjudication of each subsequent to the other.

**CONCLUSION**

Therefore, the Court herewith **DENIES** Defendant's Motion to Dismiss for Misjoinder of Offenses; however, **GRANTS** and **ORDERS** that part of the Motion that prayed for the severance of the charges

**IT IS SO ORDERED** this _____ AUG 1 4 2023



_____
HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam